**THOMAS MASCIOCCHI ESQ**
**NJ Attorney ID No. 027941988**
**3747 Church Road Suite 103**
**Mount Laurel NJ 08054**
**Tel. 856-275-3493 / Fax: 856-494-1383**
**Email: tmasesq@gmail.com**
**AND**
**Law Offices of Ronald B. Thompson, P.C.**
**Ronald B. Thompson, Esq. | NJ Attorney ID 014191990**
**3747 Church Road, Suite 103, Mount Laurel, NJ 08054**
**Telephone (856) 797-5785 | Fax (856) 797-5786**
**ronaldbthompson@gmail.com**

**Co-Counsel for Plaintiff**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| KEITH CURTIS, as Administrator ad Prosequendum of the Estate of KEITH A. EDELIN, deceased,<br><br>Plaintiff,<br><br>v.<br><br>LUKE FALKENBERG, in his individual capacity, and HADDON TOWNSHIP and HADDON TOWNSHIP POLICE<br><br>Defendants | Civil Action No.<br>______________________________<br><br>Assigned District Judge<br>______________________________<br><br>Assigned Magistrate Judge<br>______________________________<br><br>**Complaint and Demand for Jury Trial** |

Plaintiff Keith Curtis, in his representative capacity, by his attorneys, Thomas Masciocchi Esq and Ronald B Thompson Esq., alleges as follows:

## Parties and Jurisdiction

1. Plaintiff's street and mailing address is **7173 Willgoose Avenue, Pennsauken, NJ 08110.**
2. Keith Curtis is the father of Keith A. Edelin and the Administrator ad Prosequendum of his estate. He brings this action solely in his representative capacity.
3. Keith A. Edelin ("decedent") was a resident of Pennsauken, New Jersey, and was 46 years old when he **died on November 3, 2024.**
4. At all relevant times, Defendant Luke Falkenberg was a sworn Haddon Township police officer exercising authority conferred by New Jersey law. He is sued in his individual capacity for his own conduct under color of state law and as agent or employee of Defendants Haddon Township and the Haddon Township Police Department all with a principal office located at **135 Haddon Ave. Haddon Township, NJ 08108**
5. This Court has federal-question and civil-rights jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). Plaintiff seeks relief under 42 U.S.C. § 1983 and attorney's fees under 42 U.S.C. § 1988(b).
6. This Federal Court has pendent jurisdiction over all State claims arising hereunder, including but not limited to relief sought under the New Jersey Civil Rights Act (NJCRA), codified at N.J.S.A. 10:6-1 et seq.
7. Venue is proper under 28 U.S.C. § 1391(b)(2) because the events occurred in Haddon Township, Camden County, New Jersey. Allocation to Camden is requested under Local Civil Rule 40.1(a).

## Factual Allegations

8. During the early morning of November 3, 2024, Haddon Township police officers responded to a 911 report of an attempted burglary at an apartment building located at 300 West Crystal Lake Avenue, Haddon Township, New Jersey.
9. Falkenberg and at least one other officer encountered Edelin in a stairwell of that building.
10. Law enforcement has reported that Edelin possessed a knife during the encounter.
11. At all times relevant and material the facts and circumstances of the encounter showed that the Defendant was alone on the stairwell, many stairs away from Falkenberg, and otherwise of a significant and substantial distance away from Defendant, posing no emergent, sudden, urgent or immediate dangerous threat to Faulkenberg or others.
12. At all times relevant and material hereto Falkenberg was in a position and able to employ various means, methods and tactics to safely deescalate any perceived danger of the subject encounter and subdue the Defendant without the use of deadly force, but chose not to employ such methods.
13. At the time of the encounter to immediately prior to the Defendant's discharging of his firearm as identified herein, the following cannot be contested:

a. Edelin was at the top of the stairwell going down behind him.
b. The Defendant Falkenberg, together with the support of other officers was on the next stairwell below Edlin, with a complete flight of stairs separating the two.
c. Edelin was holding a relatively small knife, close to his body.
d. Edelin was maintaining his stance and was not waiving the knife in a challenging or threatening manner.
e. Edelin was moving very slowly and showed no signs of an immediate assault upon the Defendant.
f. It is believed and there averred that Edelin was visibly bleeding from possible self-inflicted wounds from the knife and quickly losing control of his ability to move and/or maintain his balance, further indicative of his posing no serious threat to the Defendant.
g. Defendant, together with his fellow officers possessed stun guns, protective body vests, helmets and other protective gear, specifically designed for protection from the potential assaults under these facts and circumstances. One officer in close proximity to Falkenberg had drawn his/her stun gun.
h. The decedent was being told to drop the knife, and that the officers were there to help.
i. Defendant Falkenberg was shouting at Edelin to put his knife but at no time was anything shouted by Falkenberg or anyone with him, indicative of the existence of an immediate and urgent danger to the Defendant.
j. In fact, from the investigation, including that which was provided to local media, confirms that Edelin was "walking". At no time did the decedent rush, lunge, charge or jump the police. https://newjersey.news12.com/state-ag-released-police-video-from-fatal-shooting-in-haddon-township
k. No use of taser was attempted, despite the same being available to Falkenberg by his side.
l. No warning shot was made by Falkenberg.
m. Although able to do so, Falkenberg did not attempt a shot intended to merely disable the decedent.
n. The encounter between Falkenberg lasted only 2 minutes, during which time the decedent was being told by the officers that they were there "to help". The decedent's position at this time is shown in this freeze frame taken from the body-cam video of one of the officers:




o. The decedent slowly took just one step down from where he is shown above, to the location depicted in the following freeze frame from the same video, and it is at this precise moment he was fatally shot by Falkenberg - only seconds after being told that the police were there "to help":




14. No justification existed for the use of deadly force against Plaintiff's decedent.
15. During the encounter, Falkenberg intentionally discharged his service firearm at Edelin. Multiple bullets struck Edelin, causing fatal injuries.

16. Edelin was transported to Cooper University Hospital and died on November 3, 2024. The supplied abstract of death certificate information identifies multiple gunshot wounds as the immediate cause of death.
17. At all times relevant and material hereto, the shooting was unnecessary to prevent an immediate threat of death or serious bodily injury to Falkenberg or any other person. Plaintiff repeats that allegation herein, subject to the specific facts set forth below.
18. Falkenberg's intentional application of physical force restrained Edelin and constituted a seizure of his person.
19. Falkenberg's gunfire directly and proximately caused Edelin's multiple gunshot wounds and death.

**Count One**
**Excessive Force and Unreasonable Seizure**
**Fourth Amendment and 42 U.S.C. § 1983**
**under the New Jersey Civil Rights Act (NJCRA), codified at N.J.S.A. 10:6-1 et seq.**
**Against Luke Falkenberg in his individual capacity**

20. Plaintiff incorporates paragraphs 1 through 19.
21. Edelin had a right under the Fourth Amendment and 42 U.S.C. § 1983, and New Jersey Civil Rights Act (NJCRA), codified at N.J.S.A. 10:6-1 et seq., applicable to state actors through the Fourteenth Amendment, to be free from unreasonable seizures, including objectively unreasonable deadly force.
22. Falkenberg acted under color of state law when he intentionally shot and seized Edelin while performing his police duties.
23. Considering the totality of the circumstances, including the reported offense, the nature and immediacy of any threat, Edelin's conduct, the stairwell configuration, and the events preceding and accompanying the gunfire, Falkenberg's use of deadly force was objectively unreasonable.
24. Plaintiff alleges that a reasonable officer in Falkenberg's position would not have understood the circumstances pleaded above to justify the fatal use of force. Falkenberg thereby deprived Edelin of his Fourth Amendment rights.
25. The constitutional violation directly and proximately caused Edelin's injuries and death and the compensable losses recoverable by his representative.
26. Edelin's federal cause of action survives his death through 42 U.S.C. § 1988(a) and applicable New Jersey survival law, N.J.S.A. 2A:15-3, insofar as consistent with federal law. This is a federal civil-rights claim; Plaintiff does not assert a separate state tort cause of action in this complaint.
27. Plaintiff seeks compensation for Edelin's physical injuries, any proven conscious pain and suffering, medical expenses, reasonable funeral and burial expenses recoverable by

his representative, and other proven compensatory losses available under applicable law, without duplicative recovery.

28. Plaintiff alleges that Falkenberg's unjustified resort to deadly force, under the circumstances pleaded above, reflected reckless or callous indifference to Edelin's federally protected rights, warranting punitive damages against Falkenberg individually.

## Prayer for Relief

WHEREFORE, Plaintiff requests judgment against Defendant Luke Falkenberg awarding:

A. Compensatory damages in an amount determined by the jury;

B. Punitive damages against Falkenberg in his individual capacity, as permitted by law;

C. Reasonable attorney's fees and recoverable costs as permitted by law;

D. Prejudgment and postjudgment interest as permitted by law; and

E. Such other relief as the Court deems just and proper.

## Count Two
## Policy Allowing the Excessive Force and Unreasonable Seizure in Violation of the Fourth Amendment and 42 U.S.C. § 1983 and the New Jersey Civil Rights Act (NJCRA), codified at N.J.S.A. 10:6-1 et seq. Against Haddon Township

29. Plaintiff incorporates paragraphs 1 through 28.

30. At all times relevant and material hereto the Defendants Haddon Township and Haddon Township Police maintained an official municipal policy and long standing practice and/or custom that was designed, allowed, permitted and/or encouraged the violation of citizen federal and state civil rights, including that identified in Counts One, which policy consisted of but was not limited to:

    a. Failing and/or avoiding to properly train, test, educate, re-educate, monitor and supervise the conduct of their police officers regarding the need to protect, maintain and preserve the civil rights of the public, even suspected criminals, when carrying out their duties, functions and obligations, including when doing so in situations involving potential violence and danger.

    b. Failing and/or avoiding to properly train, test, educate, re-educate, monitor and supervise the conduct of their police officers regarding the need to properly identify, evaluate and respond to persons suspected of engaging in dangerous criminal activity and to act with due diligence to employ skills, means and

methods of de-escalating situations so as to protect, maintain and preserve the civil rights of such persons;

c. Failing and/or avoiding to properly train, test, educate, re-educate, monitor and supervise the conduct of their police officers regarding the methods, ways and means of identifying situations involving the health, safety and welfare themselves and the public so as to avoid rush judgments and/or use of deadly force - with the objective of protecting, maintaining and preserving the civil rights of the public, even suspected criminals;

d. Failing and/or avoiding to properly train, test, educate, re-educate, monitor and supervise the conduct of their police officers regarding the use and employment of methods, tools and equipment designed to avoid the use of deadly force - with the objective of protecting, maintaining and preserving the civil rights of the public, even suspected criminals;

e. Failing and/or avoiding to identify those employee police officers prone to the use of deadly force under circumstances not required - with the objective of protecting, maintaining and preserving the civil rights of the public, even suspected criminals.

31. The formal policy as hereinbefore identified in the preceding paragraph constituted a systematic failure to train and supervise its police officers.

32. The formal policy as hereinbefore identified was the direct and proximate cause and/or the moving force of the shooting and demise of Plaintiff's decedent.

## Prayer for Relief

WHEREFORE, Plaintiff requests judgment against Defendants Haddon Township and/or Haddon Township Police awarding:

A. Compensatory damages in an amount determined by the jury;

B. Punitive damages against Falkenberg in his individual capacity, as permitted by law;

C. Reasonable attorney's fees and recoverable costs as permitted by law;

D. Prejudgment and postjudgment interest as permitted by law; and

E. Such other relief as the Court deems just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial on all issues triable by jury.

**THOMAS MASCIOCCHI ESQ**
**By:** *Thomas Masciocchi/s/*
**THOMAS MASCIOCCHI ESQ**
**NJ Attorney ID No. 027941988**
**3747 Church Road Suite 103**
**Mount Laurel NJ 08054**
**Tel. 856-275-3493 / Fax: 856-494-1383**
**Email: tmasesq@gmail.com**
**AND**
**Law Offices of Ronald B. Thompson, P.C.**
**By:** *Ronald B. Thompson/s/*
**Ronald B. Thompson, Esq.**
**| NJ Attorney ID 014191990**
**3747 Church Road, Suite 103, Mount Laurel, NJ 08054**
**Telephone (856) 797-5785 | Fax (856) 797-5786**
**ronaldbthompson@gmail.com**
Dated: 11/02/2026